IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL MCNEIL, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| | : | |
| | : | No. 13-2001 |
| | : | |
| JEROME WALSH, et al., | : | |
| Respondents. | : | |

## O R D E R

**AND NOW**, this 25th day of November, 2013, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254 (Doc. No. 1) and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Doc. No. 10) and responses thereto (Doc. No. 11),[1] it is hereby **ORDERED** that:

---

[1] The petitioner filed several objections to the Report and Recommendation. While I find that the Report and Recommendation fairly, accurately, and thoroughly analyzes the petitioner's request for relief, I will briefly address the petitioner's objections, in order to further clarify why his petition cannot proceed.

The petitioner argues that Martinez v. Ryan, 132 S. Ct. 1309 (2012), entitles him to an "equitable ruling." See Doc. No. 11 at 2. Martinez qualified Coleman in finding a narrow exception—that inadequate assistance of counsel at initial-review collateral proceedings *may* establish cause for a state-court levied procedural default for a claim of ineffective assistance of trial counsel. Martinez,132 S. Ct. at 1315. This exception does not guarantee that any claim of ineffective assistance of counsel at the initial-review collateral proceedings allows for relief, however. Such claims are still subject to statute of limitations requirements, with which the petitioner did not comply.

Furthermore, even if the petition had been timely, it still would be subject to Strickland. Id. at 1318. It is questionable, at best, that the petitioner would be able to make a showing that his PCRA counsel was ineffective from what he's offered in his petition, if his petition were to proceed.

The petitioner also argues that the Third Circuit's recent ruling in Grant v. Lockett, 709 F.3d 224 (3d Cir. 2013), should allow his claims regarding Secquoyah West to proceed. While Grant may offer some guidance on whether the non-disclosure of Ms. West's background was prejudicial under Strickland, it does not provide a basis for allowing the petitioner's claim to be untimely.

1.  The Report and Recommendation is **APPROVED** and **ADOPTED**;

2.  The petition for a writ of habeas corpus is **DENIED** with prejudice;

3.  There is no probable cause to issue a certificate of appealability.

The Clerk of the Court is directed to mark this case **CLOSED** for statistical purposes.

BY THE COURT:

/s/Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

The petitioner argues that he is entitled to equitable tolling. The crux of this argument appears to be that he believed that the PCRA petitions he was filing in state court were tolling the statute of limitations on his habeas rights. However, the petitions—which include the new evidence he cites in this petition—were not filed timely in state court either. The petitioner became aware of Ms. West's criminal history in 2002. The petitioner offers no extraordinary circumstances that would have prevented his 2007 PCRA petition—which included this information—from being timely. Furthermore, the petitioner admits, as the state PCRA court found, that the evidence regarding Mr. Logan's eye witness account could have been discovered sooner than it had been. See Doc. No. 11 at 7. As such, the request for relief as to this evidence would not qualify for equitable tolling, as Judge Rice explains more fully in his Report and Recommendation.

The remainder of the petitioner's objections have already been addressed in the Report and Recommendation or offer no legal basis which would alter Judge Rice's findings. For these reasons, along with those presented in the Report and Recommendation, the petitioner's writ of habeas corpus shall be denied with prejudice.